**UNITED STATES of America,**
Appellee,

v.

**Johnny HAYGOOD a/k/a "New York,"**
**Defendant–Appellant.**

**No. 05–2365–CR.**

United States Court of Appeals,
Second Circuit.

Dec. 9, 2005.

Frank J. Riccio II (Frank J. Riccio, on the brief), Law Offices of Frank J. Riccio, LLC, Bridgeport, CT, for Appellant.

Robert M. Spector, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney for the District of Connecticut, Sandra S. Glover, Assistant United States Attorney, on the brief), United States Attorney's Office for the District of Connecticut, New Haven, CT, for Appellee.

PRESENT: NEWMAN, CABRANES and HALL, Circuit Judges.

## SUMMARY ORDER

Defendant appeals from a May 9, 2005 judgment of the District Court adjudging him guilty of one count of possession of a firearm by a convicted felon and sentencing him principally to 210 months' imprisonment. The sentence followed a plea of guilty pursuant to a plea agreement under which defendant reserved his right to appeal the District Court's December 28, 2004 ruling denying his motion to suppress certain evidence.

We assume the parties' familiarity with the underlying facts and procedural history.

Defendant was arrested by Bridgeport police officers who observed him during an apparent drug sale. After booking defendant at the police station, officers obtained a warrant to search his apartment, where they found crack cocaine, $1,400 in cash, and a revolver. Defendant challenges the search warrant—and seeks exclusion of the evidence found pursuant to it—on the ground that police inquired of his address while booking him before informing him of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The District Court properly rejected this argument. Even if the statement of defendant concerning his address were removed from the information provided to the state judge who issued the warrant authorizing a search of defendant's apartment, there is more than enough information remaining to sustain probable cause. For example, a police informant who witnessed the arrest told police that defendant was the same drug dealer from whom the informant had recently tried to buy drugs, and the informant gave police defendant's address. Moreover, police found crack cocaine in defendant's jacket when he was arrested.

We note as well that even if defendant's statement of his address were necessary to provide a sufficient basis for a finding of probable cause, his challenge would nonetheless fall. The Supreme Court recently held in *United States v. Patane*, 542 U.S. 630, 124 S.Ct. 2620, 159 L.Ed.2d 667 (2004), that the Self–Incrimination Clause of the Fifth Amendment "cannot be violated by the introduction of nontestimonial evidence obtained as a result of voluntary statements." *Id.* at 637, 124 S.Ct. 2620 (plurality opinion). Additionally, it is well-settled law that routine booking questions do not constitute interrogation protected by *Miranda*. See, e.g., *Rosa v. McCray*, 396 F.3d 210, 221 (2d Cir.2005) ("The collection of biographical or pedigree information through a law enforcement officer's questions during the non-investigative booking process that typically follows a suspect's arrest, however, does not ordi-

narily implicate the prophylactic protections of *Miranda*, which are designed to protect a suspect only during investigative custodial interrogation. Such interrogations customarily involve questions of a different character than those that are normally and reasonably related to police administrative concerns."); *United States v. Gotchis*, 803 F.2d 74, 79 (2d Cir.1986) ("[T]he Supreme Court was concerned with protecting the suspect against interrogation of an investigative nature rather than the obtaining of basic identifying data required for booking and arraignment.") (internal quotation marks omitted).

We have considered all of petitioner's arguments and find them without merit. Substantially for the reasons stated by the District Court, the Judgment of the District Court is AFFIRMED.