09-2538-cv
Luo v. Mikel

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2009

(Argued: February 8, 2010                              Decided: August 30, 2010)

Docket No. 09-2538-cv

_____

YONG QIN LUO,

*Plaintiff-Appellant*,

v.

STEVEN EUGENE MIKEL JR., ST. MICHAEL MOTOR EXPRESS INC.,

*Defendants-Appellees*.

_____

Before: POOLER , LIVINGSTON, and CHIN, *Circuit Judges.**

Appeal from the May 13, 2009 order and opinion of the United States District Court for the Eastern District of New York (Ross, J.) granting defendants' motion for summary judgment and dismissing plaintiff's complaint alleging negligence and serious injury in a motor vehicle accident.  On appeal, plaintiff argues that her willingness to stipulate to a recovery of less than $75,000 on appeal strips the federal courts of subject matter jurisdiction.  Alternatively, plaintiff argues that the grant of summary judgment was improper.

Affirmed in part, vacated and remanded in part.

_____

*The Honorable Denny Chin was, at the time of this sitting, sitting by designation as a visitor from the Southern District of New York.  He has since been elevated to our Court.

DAVID S. RATNER, Morelli Ratner P.C., New York, New York for Yong Qin Luo, *Plaintiff-Appellant*.

RICHARD E. LERNER, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, New York, New York, for Steven Eugene Mikel Jr. and St. Michael Motor Express, Inc., *Defendants-Appellees*.

PER CURIAM:.

Plaintiff Yong Qin Luo appeals from the May 13, 2009 order and opinion of the United States District Court for the Eastern District of New York (Ross, *J.*) granting defendant's motion for summary judgment and dismissing her complaint alleging serious injury sustained during an automobile accident within the meaning of New York Insurance Law § 5102(d).   The district court held that plaintiff failed to rebut defendants' prima facie case of serious injury, and granted defendants' motion for summary judgment without reaching the issue of liability.  On appeal, plaintiff argues that her willingness to stipulate to a recovery of less than $75,000 on appeal strips this court of subject matter jurisdiction.  Plaintiff also argues, in the alternative, that the grant of summary judgment was improper.

Affirmed in part, vacated and remanded in part.

## BACKGROUND

Luo was involved in a motor vehicle accident on April 9, 2008 with defendant Steven Eugene Mikel, who was driving a Peterbilt truck owned by defendant St. Michael Motor Express Inc.  Plaintiff commenced her lawsuit in New York Supreme Court, Kings County, in June 2008, alleging negligence.  The state court action was timely removed by defendants to federal court on the basis of diversity jurisdiction, and it is undisputed that plaintiff did not then seek a remand to state court.  Following discovery, defendants moved for summary judgment, arguing  (1) they

2

were not liable for the accident and (2) that plaintiff did not sustain a serious injury within the meaning of New York Insurance Law § 5102, barring any recovery.

Defendants supported their motion for summary judgment with a report by Dr. Edward Crane. Dr. Crane examined plaintiff ten months after the accident. Dr. Crane reported "no objective evidence of any orthopedic residuals in regards to her neck, either shoulder, or her back," as a result of the accident. He further reported that Luo's "right knee . . . may have a very minimal loss of terminal flexion. That would have no functional consequence. She has no evidence of internal derangement of the right knee or of an anterior cruciate ligament injury." Defendants also proffered the report of radiologist Dr. Lewis Rothman, who examined plaintiff's MRI images and concluded that there was evidence of chronic degenerative changes but no evidence of traumatic injury. In response, plaintiffs submitted no sworn statements from her treating physicians, relying instead on deposition testimony by her treating physician, Dr. K. Woung Park. Dr. Park testified that Luo lost 10 percent of her range of motion in her right shoulder, and 20 percent of her range of motion of her right knee.

The district court held that defendants submitted medical evidence in admissible form sufficient to establish a prima facie case that plaintiff did not sustain a serious injury within the meaning of New York Insurance Law § 5102(d), shifting the burden to Luo to produce sufficient proof in admissible form to support her claims. *Yong Qin Luo v. Mikel*, No. 08-CV-2760 (ARR), 2009 WL 1346383, at *5 (E.D.N.Y. May 18, 2009). Finding Luo failed to sustain her burden, the district court granted defendants' motion for summary judgment on the grounds that she did not suffer a serious injury, and did not reach the issue of liability.

**ANALYSIS**

3

For the first time on appeal Luo raises the issue of whether subject matter jurisdiction is lacking because the amount in controversy of $75,000 or less. We being by addressing her jurisdictional argument, because if we lack jurisdiction the remainder of her arguments are moot.

I.     *Subject Matter Jurisdiction*

At the initial status conference with the district court following remand, Luo was asked whether she would limit her recovery of $75,000 of less, but, as her counsel states, she "was wary of taking that position in the context of an initial settlement demand." On appeal, Luo now agrees to limit her recovery to less than $75,000, which she argues strips the federal courts of jurisdiction.

Subject matter jurisdiction cannot be waived; thus a party can, for the first time on appeal, argue that a case does not belong in federal court, even if that party failed to challenge removal. *United Food & Commercial Workers Union Local 919, AFL-CIO v. CenterMark Props. Meriden Square Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). "Where jurisdiction is lacking, moreover, dismissal is mandatory. We must, therefore, entertain the [] jurisdictional challenge regardless of [the] unexplained failure to raise the issue with the district court in a motion to remand pursuant to 28 U.S.C. § 1447(c)." *Id.* "The party asserting jurisdiction bears the burden of proving that the case is properly in federal court and that party may not be relieved of its burden by any formal procedure." *Id.* (alternation and internal quotation omitted). "[R]emovability is determined from the record as of the time the petition for removal is filed." *Id.*

Diversity jurisdiction exists in "civil actions where the matter in controversy exceeds the

4

sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Plaintiff concedes she and defendants are citizens of different states, contesting only the amount in controversy. Defendants argue that at the time of removal, plaintiff's demand was $600,000, making subject matter jurisdiction proper.

"The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by plaintiff controls if the claim is apparently made in good faith." *Ocean Ships, Inc. v. Stiles*, 315 F.3d 111, 115 (2d Cir. 2002). However, if the pleadings are inconclusive, then the courts may look to documents outside the pleadings to other evidence in the record to determine the amount in controversy. *United Food*, 30 F.3d at 305.

New York's rules of civil procedure prohibit a plaintiff from pleading a specific monetary demand in where the complaint alleges personal injury. N.Y. C.P.L.R. § 3017(c)[2]. Thus, in bringing her complaint in state court, plaintiff did not specify an amount for damages related to her personal injuries. In their petition for removal, defendants alleged that the amount in controversy exceeded $75,000. The district court held an initial status conference with the parties, and plaintiff declined to limit her damages $75,000 or less. Shortly after that conference, Luo's counsel told defense counsel that Luo's demand was $600,000. At the time of removal, then, the amount in controversy exceeded $75,000.

We write today to make clear that a plaintiff cannot seek to deprive a federal court of jurisdiction by reducing her demand to $75,000 or less once the jurisdictional threshold has been

---

[2] A defendant concerned about the amount in controversy may demand plaintiff set forth the total damages to which plaintiff believes she is entitled within 15 days of the request. N.Y. C.P.L.R. § 3017(c).

satisfied. *See, Purple Passion, Inc. v. RCN Telecom Servs., Inc.*, 406 F. Supp. 2d 245, 246-47 (S.D.N.Y. 2005) (concluding that although 28 U.S.C. § 1447(c) requires a district court to remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction," this statute does not upset the well-established rule that a district court's subject matter jurisdiction, once established, is unaffected by post-removal reductions in the amount in controversy, and citing concurring cases from five circuit courts); *see also* 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3725 at 115-18 (3 ed. 1998); 14B *id* § 3702 at 70-71; *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009) (indicated that "the existence of federal subject matter jurisdiction over an action removed . . . is normally to be determined as of the time of removal" and that even flaws in jurisdiction at the time of removal are cured if "the district court had subject matter jurisdiction at any time before it rendered judgment" (internal quotation marks omitted). As Luo represented that the amount in controversy was satisfied at the time of removal, *see*, *e.g., Felipe v. Target Corp.*, 572 F. Supp. 2d 455, 459 (S.D.N.Y. 2008) (by refusing to stipulate to less than $75,000 and by representing to court in conference that damages would exceed $75,000, plaintiff effectively conceded that amount in controversy satisfied Section 1332(a)(1)); take any action to limit damages to less than $75,000 plaintiff conceded amount in controversy satisfied Section 1332(a)(1)). With nothing in the record suggesting Luo's assertions were made in bad faith or that the true value of the claim was to a "legal certainty" less than the jurisdiction threshold, *Scherer v. Equitable Life Assurance Soc'y*, 347 F.3d 394 (2d Cir. 2003) ("we measure amount in controversy as of the date in the complaint), Luo cannot on appeal deprive the district court of jurisdiction that it properly possessed.

## II.    *Serious Injury*

We review orders granting summary judgment de novo and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law.  *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003).  Under New York's Insurance Law, there is no right of recovery in tort unless a covered person sustained a "serious injury," defined as:

> A personal injury which results in death; dismemberment;
> significant disfigurement; a fracture;  loss of a fetus; permanent
> loss of use of a body organ, member; significant limitation of use
> of a body function or system; or a medically determined injury or
> impairment of a non-permanent nature which prevents the injured
> person from performing substantially all of the material acts which
> constitute such person's usual and customary daily activities for
> not less than ninety days during the one-hundred-and-eighty days
> immediately following the occurrence of the injury or impairment.

N.Y. Ins. Law § 5102(d).   In *Licari v. Elliot*, 57 N.Y.2d 230, 236 (1982), the New York Court of Appeals held that a court should decide the threshold question of whether the evidence would warrant a jury finding that the injury qualifies as a "serious injury."  *Id.*  New York's burden-shifting scheme is ably described by the Southern District of New York:

> on summary judgment, a defendant must establish a prima facie
> case that plaintiff did not sustain a "serious injury" within the
> meaning of Insurance Law § 5102(d). In support of its argument
> that there is no such serious injury, defendant may rely on the
> unsworn reports by plaintiff's physicians, but must provide
> evidence from its own physicians in the form of sworn affidavits.
> Once a defendant's burden is met, the plaintiff is then required to
> establish a prima facie case that he sustained a serious injury.  For
> plaintiff to defeat a summary judgment motion, admissible
> evidence must be presented in the form of sworn affidavits by
> physicians.

*Barth v. Harris*, 00civ1658,  2001 WL 736802, at *2 (S.D.N.Y. June 25, 2001) (citations

7

omitted).

Plaintiff must present objective proof of injury, as subjective complaints of pain will not, standing alone, support a claim for serious injury. *Son v. Lockwood*, 07-cv-4189 2008 WL 5111287, at *5-6 (E.D.N.Y. Nov. 26, 2008). "To prove the extent or degree of physical limitation, an expert's designation of a numeric percentage of a plaintiff's loss of range of motion can be used to substantiate a claim of serious injury." *Toure v. Avis Rent A Car Sys. Inc.*, 98 N.Y.2d 345, 350 (2002). "An expert's qualitative assessment of a plaintiff's condition also may suffice, provided that the evaluation has an objective basis and compares the plaintiff's limitations to the normal function, purpose, and use of the affected body organ, member, function, or system." *Id.*

In support of their motion for summary judgment, defendants submitted reports from their experts opining that:

- plaintiff's range of motion in both shoulders was normal;

- the range of motion in plaintiff's right knee was from 0 degrees to 135 degrees flexion, the left from 0 degrees to 145 degrees flexion, leading Dr. Crane to conclude that any limitation in plaintiff's right knee was minimal.

- Dr. Crane concluded that there is "no objective evidence of any orthopedic residual in regards ... [to her] shoulder.... At the right knee she may have a very minimal loss of terminal flexion. That would have no functional consequence. She has no evidence of internal derangement of the right knee or of an anterior cruciate ligament injury. There is evidence of mild chondromalacia, a condition commonly seen in asymptomatic people, particularly women."

8

- Dr. Rothman concluded plaintiff's right shoulder was normal.

The district court correctly concluded that this was sufficient to establish defendants' prima facie case on summary judgment that plaintiff did not sustain a serious injury within the meaning of the law with regard to the significant limitation and permanent consequential injury, shifting the burden to plaintiff. Plaintiff in return submitted deposition testimony of her treating physician, Dr. Park, who opined that plaintiff suffers a permanent loss of range of motion in her right shoulder (10 percent) and knee (20 percent). Puzzlingly, plaintiff appears to have submitted no affidavits, affirmations or other sworn statements from her own experts. The district court granted defendants' motion, observing that "[p]laintiff's claim of serious injury seems to rest entirely on Dr. Park's deposition testimony." We cannot agree, as a search of the record as a whole demonstrates a question of genuine fact as to whether plaintiff sustained a serious injury. Taken as a whole, the record demonstrates that:

- Dr. Krinick testified regarding a tear in the right shoulder and the surgery he performed on plaintiff's right knee;

- Dr. Krinick testified that he repaired the medial meniscus, did a nip and tuck, did a conaplasty repair of the patella; and did thermal shrinkage of the anterior cruciate ligament;

- Dr. Krinick saw plaintiff on September 11, 2008, three months after the operation. At that point, she was still receiving physical therapy . Dr. Krinick also limited plaintiff's return to work to light duty.

- Dr. Park testified he had seen plaintiff eight times, he was going to continue to see her on a monthly basis; she had mild to moderate disability based on neck and

9

low back pain; partial disability in terms of neck and back pain.

Taken together with plaintiff's subjective evidence as to the impact of the injury on her functioning, this is sufficient evidence to raise a question of fact issue as to serious injury pursuant to N.Y. Ins. Law § 5104(a).

We also find plaintiff raised a question of fact as to whether she was seriously injured because she could not perform "substantially all the material acts" consisting her "usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment." N.Y. Ins. Law § 5120. We note that this issue was raised for the first time on appeal, and that "[o]rdinarily, we will not consider an issue raised for the first time on appeal." *Readco, Inc. v. Marine Midland Bank*, 81 F.3d 295 (2d Cir. 1996) (internal quotation and citation omitted). However, we may deviate from this rule "in two circumstances: (1) where consideration of the issue is necessary to avoid manifest injustice or (2) where the issue is purely legal and there is no need for additional fact finding." *Id.* Here, the question is purely one of law.

Plaintiff alleged in her response to interrogatories that she suffered a serious injury under the 90/180 standard. Defendant's expert, Dr. Lewis Rothman, examined MRI scans taken a month after the accident and concluded there was no evidence of injury. Plaintiff successfully rebutted this evidence by submitting the deposition testimony of Dr. Krinick, who testified that he examined plaintiff roughly a month after the accident for right shoulder and right knee pain, and roughly a month after that performed surgery on her right knee. During that surgery, among other procedures, he repaired her medial minscus. Plaintiff attended physical therapy for at least three months following the surgery. Drs. Krinick and Park also provided testimony that, taken

10

together, could reasonably support a finding of the presence of injuries in Luo's right knee sufficient to prevent her from engaging in her customary activities for at least 90 of the first 180 days following the accident. This and other objective medical evidence in the record, together with Luo's testimony that she was unable for a number of months following the accident to, *inter alia*, return to work, leave her home, attend continuing education and English classes, and engage in other normal activities, was sufficient to raise genuine issues of fact for trial.

## CONCLUSION

For the foregoing reasons, we find the federal courts exercise of subject matter jurisdiction is proper. We also vacate and remand on the issue of liability and whether plaintiff sustained a serious injury. We have examined the remainder of plaintiff's arguments and find them to be without merit.