09-4747-cr
USA v. McCoy

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION: "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of November, two thousand ten.

PRESENT:
> ROBERT D. SACK,
> BARRINGTON D. PARKER,
> REENA RAGGI,
> > *Circuit Judges.*

———————————————————————————

UNITED STATES OF AMERICA,

> *Appellant*,

> v.                                                   No. 09-4747-cr

BRIAN D. MCCOY,

> *Defendant-Appellee*.

———————————————————————————

APPEARING FOR APPELLANT:       Stephan J. Baczynski, Assistant United States Attorney, *for* Kathleen M. Mehltretter, United States Attorney for the Western District of New York, Buffalo, New York.

APPEARING FOR APPELLEE:        Herbert L. Greenman, Lipsitz Green Scime Cambria, LLP, Buffalo, New York.

Appeal from an order of the United States District Court for the Western District of New York (William M. Skretny, *Chief Judge*; Hugh B. Scott, *Magistrate Judge*). UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the October 13, 2009 order of the district court be REVERSED in part and the case REMANDED for further proceedings consistent with this order.

The Government files an interlocutory appeal from an order granting appellee Brian McCoy's motion to suppress a firearm and ammunition found in his home during a search by officers of the Buffalo Police Department. *See* 18 U.S.C. § 3731. The district court, adopting the report and recommendation of the magistrate judge, concluded that suppression was required because the questioning that led to the discovery of the gun and ammunition occurred in the absence of *Miranda* warnings. As additional reasons for affirming the order of suppression, McCoy challenges the district court's finding that exigent circumstances justified the officers' entry into his home, and that he voluntarily consented to the search of the home. *See United States v. Swarovski*, 557 F.2d 40, 49 (2d Cir. 1977). We assume the parties' familiarity with the relevant facts, the procedural history, and the issues on appeal.

We agree with the district court that exigent circumstances justified the officers' warrantless entry into McCoy's home. First, based on the information he received over the dispatch radio, Officer King had reason to believe that someone might be inside McCoy's home with a firearm that had been used to physically assault another person. Second, despite a statement by McCoy's girlfriend that no one was inside the home, Officer King heard noise coming from inside the house, which created a sufficient exigency to push open the rear door, which was slightly ajar, whereupon Officer King saw McCoy standing in the kitchen. At that point, there was plainly a sufficiently urgent need for Officer King to enter McCoy's home, and to remove and temporarily detain him. *See United States v. MacDonald*, 916 F.2d 766, 769-70 (2d Cir. 1990).

2

Similarly, the district court did not err in finding that McCoy voluntarily consented to the search of his home. McCoy told the officers that the gun was in the house and instructed his girlfriend to show the officers where the gun was located. These statements provided a reasonable basis for the officers to believe that McCoy had given them consent to enter his house to retrieve the gun. *See United States v. Garcia*, 56 F.3d 418, 423 (2d Cir. 1995); *see also Florida v. Jimeno,* 500 U.S. 248, 251 (1991) ("The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of 'objective' reasonableness—what would the typical reasonable person have understood by the exchange between the officer and the suspect?"); *Krause v. Penny*, 837 F.2d 595, 597 (2d Cir. 1988) ("Consent can be found from an individual's words, acts or conduct."). McCoy's statements were also voluntary and uncoerced. The magistrate judge correctly noted the relatively short period during which McCoy interacted with police and determined that the questioning from the officers regarding the location of the gun "was not enough to overwhelm him so as to render his subsequent statement coerced." Magistrate's Report & Recommendation, *United States v. McCoy*, No. 07 CR 152 S, at 14 (W.D.N.Y. Apr. 29, 2009).

The district court further concluded that because McCoy's statements that purportedly gave the officers consent to search were made before he was given *Miranda* warnings, the statements, in addition to the physical evidence discovered as a consequence of the statements, should be suppressed.

This conclusion is foreclosed at least with respect to the physical evidence by the Supreme Court's decision in *United States v. Patane*, 542 U.S. 630 (2004). As a threshold matter, appellee contends that the Government should not be able to rely on *Patane* because the Government did not cite to that case in its briefing before the magistrate judge, and adverted to the case for the first time in its objections to the magistrate's report and recommendation. This argument lacks merit. It is true

3

that this Court ordinarily will not consider an argument raised for the first time on appeal. *Yong Qin Luo v. Mikel*, -- F.3d --, --, 2010 WL 3385948, at \*5 (2d Cir. 2010); *Katel Ltd. Liab. Co. v. AT & T Corp.*, 607 F.3d 60, 68 (2d Cir. 2010). However, "appeals courts may entertain additional support that a party provides for a proposition presented below." *Eastman Kodak Co. v. STWB, Inc.*, 452 F.3d 215, 221 (2d Cir. 2006) (citing *Yee v. City of Escondido*, 503 U.S. 519, 534 (1992)). Here, the Government's citation to *Patane* was not a new argument but rather supplied further support for a contention that the Government consistently pressed: that the firearm and ammunition should not be suppressed despite the officers' failure to give *Miranda* warnings. *See Eastman Kodak*, 452 F.3d at 221.

In *Patane*, the Supreme Court held that failure to give *Miranda* warnings does not require suppression of physical evidence discovered as a consequence of unwarned statements that are voluntary and uncoerced. 542 U.S. at 637-44. The Court reasoned that "the *Miranda* rule is a prophylactic employed to protect against violations of the Self-Incrimination Clause," which in the Court's view "is not implicated by the admission into evidence of the physical fruit of a voluntary statement." *Id.* at 636. *See also United States v. Haygood*, 157 F. App'x 448, 449 (2d Cir. 2005) ("[T]he Self-Incrimination Clause of the Fifth Amendment 'cannot be violated by the introduction of nontestimonial evidence obtained as a result of voluntary statements.'" (quoting *Patane*, 542 U.S. at 637)). Applying *Patane*, we conclude that the firearm and ammunition should not have been suppressed and consequently, the order of suppression is hereby REVERSED in part and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk