**MICHAEL KORS (USA), INC. and Michael Kors Stores, L.L.C., Plaintiffs,**

v.

**John GRAM, Defendant.**

**No. 14 CIV. 144(JSR).**

United States District Court, S.D. New York.

Signed March 27, 2014.

Joseph Michael Heppt, Joseph Michael Heppt, Law Offices of Joseph M. Heppt, New York, NY, for Plaintiffs.

Allison Marie Zullo, Bond, Schoeneck & King, PLLC, New York, NY, Mark Neal Reinharz Bond, Schoeneck & King, PLLC, Garden City, NY, for Defendant.

### *ORDER*

JED S. RAKOFF, District Judge.

Plaintiffs, a Delaware corporation and New York corporation both operating in New York, brought this action in New York Supreme Court on December 17, 2013, alleging five causes of action and seeking unspecified compensatory damages, injunctive relief, and $500,000 in punitive damages. Defendant, a citizen of Connecticut, whom plaintiffs believed to be resident in New York, timely removed on January 9, 2014, on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a)(1). *See* Notice of Removal, ECF No. 1. Thereafter, plaintiffs filed an Amended Complaint that removed the request for punitive damages and fixed the compensatory damages demand at not "less than $27,000" or "not less than $25,000." *See* Am. Compl., ECF No. 5., at ¶ 18, 8 (*ad damnum* clause ¶ 1).

Before the Court now is a motion from plaintiffs to remand to state court on the ground that the Court lacks subject-matter jurisdiction as the action does not meet the amount-in-controversy requirement of $75,000 under 28 U.S.C. § 1332(a). *See* Mot. to Remand to State Ct., ECF No. 7.

The Court has carefully considered briefing from both sides, and hereby denies the motion to remand as rejected by precedent unchanging through three-quarters of a century. "And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction. Events occurring subsequent to removal of cause from state to Federal District Court reducing amount recoverable below requisite amount, whether beyond the plaintiff's control or the result of his volition, do not oust District Court's jurisdiction once it has attached." *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 293, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *see also Luo v. Mikel,* 625 F.3d 772 (2d Cir.2010).

Conceding that the Court must look to the original Complaint and not the Amended Complaint, plaintiffs are left attacking their original Complaint as unhinged from reality: "Plaintiff's original claim for $500,000 in punitive damages bears no real relation to the actual available damages." Pls.' Mem. of Law in Supp. of Mot. to Remand at 3, ECF No. 9. This farce is a telling exemplar of the "gamesmanship and forum- and judge-shopping" that would follow allowing post-filing events to dictate jurisdiction. *Purple Passion, Inc. v. RCN Telecom Servs., Inc.,* 406 F.Supp.2d 245, 247 (S.D.N.Y.2005) (denying remand in similar circumstance where plaintiff reduced damage demand to below amount-in-controversy threshold in attempt to defeat diversity jurisdiction).

The action will proceed in federal court. The Clerk of Court is directed to close item number 7 on the docket,

SO ORDERED.