20-1117-cv
*Jean-Louis v. Carrington Mtg. Servs., LLC*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4ᵗʰ day of March, two thousand twenty-one.

PRESENT:   JOSÉ A. CABRANES,
           REENA RAGGI,
                      *Circuit Judges,*
           LEWIS A. KAPLAN,
                      *Judge.* *

---

VALENTIN JEAN-LOUIS,

     *Plaintiff-Appellant,*                              20-1117-cv

     v.

CARRINGTON MORTGAGE SERVICES, LLC, DOES 1-10,

     *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**            Nkereuwem Umoh, Umoh Law Firm, PLLC, Brooklyn, NY.

---

\* Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

1

**FOR DEFENDANTS-APPELLEES:**                    Kenneth Jude Flickinger, Eckert, Seamans, Cherin & Mellott, LLC, White Plains, NY.

Appeal from a March 5, 2020 judgment of the United States District Court for the Eastern District of New York (I. Leo Glasser, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Valentin Jean-Louis ("Jean-Louis") appeals from a judgment of the District Court,[1] granting Defendant-Appellee Carrington Mortgage Services, LLC's ("CMS") motion to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction[2] and denying Jean-Louis's motion to certify an interlocutory appeal of the District Court's October 22, 2019 order,[3] which denied Jean-Louis's motion to remand to state court for lack of diversity jurisdiction.

Jean-Louis brought this action against CMS seeking damages for civil theft, negligence, negligence per se, and conversion in the New York State Supreme Court, Queens County, his county of residence. CMS provided mortgage services to a residence in Norwich, Connecticut that Jean-Louis did not own, but in which he stored personal property. After the mortgage on the home was foreclosed, Jean-Louis alleges that CMS entered the premises without notice and either stole his property or negligently left the residence unlocked and thus enabled his property to be stolen.

CMS removed the case to the District Court based on diversity of citizenship. That court concluded that CMS was not subject to personal jurisdiction under New York Civil Practice Laws and Rules ("CPLR") Sections 301 or 302(a)(3) and dismissed the case. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

[1] *Jean-Louis v. Carrington Mtg. Servs.*, No. 19-CV-4302 (E.D.N.Y. Mar. 5, 2020), ECF No. 41.

[2] *Jean-Louis v. Carrington Mtg. Servs.*, No. 19-CV-4302, 2020 WL 1042644 (E.D.N.Y. Mar. 4, 2020).

[3] *Jean-Louis v. Carrington Mtg. Servs.*, No. 19-CV-4302, 2019 WL 5394570 (E.D.N.Y. Oct. 22, 2019).

**A. Motion to Remand**

We review *de novo* a district court's denial of a motion to remand.[4] Under 28 U.S.C. § 1441(a), a defendant removing a civil action to federal district court "bears the burden of demonstrating the propriety of removal,"[5] which is determined by the pleadings at the time of removal.[6] A federal district court has diversity jurisdiction over civil actions with an amount in controversy exceeding $75,000, exclusive of interests and costs, between citizens of different States.[7] For the reasons discussed below, we hold that Jean-Louis's motion to remand was properly denied.

    i.        Diversity of Citizenship

For purposes of diversity jurisdiction, a limited liability company has the citizenship of its members.[8] Jean-Louis argues that, despite the sworn affidavit submitted by CMS affirming that none of its members are citizens of New York, CMS's status as an LLC requires it to specifically identify the names and locations of each individual member of the LLC as proof that no members are citizens of New York. We disagree. The sworn affidavit traced CMS's ownership and identified the citizenship of its member limited liability companies, limited partnerships (general and limited partners included), and private individuals, and established that CMS is not a citizen of New York.[9] Thus, we affirm that CMS met its burden to show diversity of citizenship.[10]

---

[4] *Shafii v. British Airways, PLC*, 83 F.3d 566, 570 (2d Cir. 1996).

[5] *Grimo v. Blue Cross/Blue Shield, of Vt.*, 34 F.3d 148, 151 (2d Cir. 1994).

[6] *See Vera v. Saks & Co.*, 335 F.3d 109, 116 (2d Cir. 2003) ("[W]e generally evaluate a defendant's right to remove a case to federal court at the time the removal notice is filed.").

[7] 28 U.S.C. § 1332(a).

[8] *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000).

[9] *Cf. America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("[O]nly the affidavit made on personal knowledge has any value . . . , and it is useless because it says nothing about citizenship.").

[10] Jean-Louis fails to clarify his state of citizenship before this Court, as before the District Court. Because Jean-Louis does not dispute the District Court's finding that Jean-Louis is a New York citizen, and because Jean-Louis's counsel responded in the affirmative to the District Court's question of whether Jean-Louis "lives in New York *permanently*," A.52 (emphasis added), we assume that Jean-Louis is a New York citizen.

ii.    Amount in Controversy

When a defendant seeks to remove a case to federal court and the plaintiff contests the defendant's amount-in-controversy allegation, "removal is proper on the basis of an amount in controversy asserted by the defendant if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold."[11]

At oral argument on Jean-Louis's motion to remand, his counsel informed the District Court that the $150,000 in damages alleged in the original complaint was due to an error of counsel that was quickly rectified, and damages were instead only $60,000.  Nevertheless, Jean-Louis's claims include the Connecticut intentional tort of "civil theft,"[12] for which treble damages are available.[13] Thus, Jean-Louis's civil theft claim could allow him to recover $180,000, an amount that exceeds the jurisdictional minimum of $75,000.[14]

Therefore, we hold that the District Court had diversity jurisdiction over this case, and that Jean-Louis's motion to remand this case to state court was properly denied.[15]

---

[11] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014) (internal quotation marks and alterations omitted).

[12] *See* A.63 (Jean-Louis's counsel stating, at oral argument on the motion to remand, "I agree with Your Honor that I believe Connecticut substantive law would apply in this case . . . because civil theft is a Connecticut statutory claim that does not exist in New York").

[13] Conn. Gen. Stat. § 52–564 ("Any person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages.").

[14] *See A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991) ("[I]f punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied." (citing 14A Wright & Miller, Fed. Prac. & Proc. § 3702)).

[15] Jean-Louis also argues on appeal that CMS's removal of this case to federal court was premature because the Amended Complaint did not state an amount in controversy.  We find this argument to be without merit.  CMS did not improperly rely upon the original complaint's allegation of $150,000 in damages.  Because "a defendant's notice of removal [regarding amount in controversy] need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," *Dart Cherokee Basin Operating Co.,* 574 U.S. at 89, CMS's motion to remove this case to federal court based on the damages alleged in the original complaint was not premature. Because Jean-Louis's Amended Complaint was inconclusive as to damages asserted, "the courts may look to documents outside the pleadings to other evidence in the record to determine the amount in controversy." *Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010).  "When a pleading is amended or withdrawn, the superseded portion ceases to be a conclusive judicial admission; but it still remains as a statement once seriously made by an authorized agent, and as such it is competent

**B. Personal Jurisdiction**

On a Rule 12(b)(2) motion to dismiss, "the plaintiff bears the burden of establishing" the district court's "jurisdiction over the defendant under the relevant forum state's laws."[16] We review *de novo* a district court's dismissal for lack of personal jurisdiction,[17] construing all pleadings and affidavits in the light most favorable to the plaintiff and resolving all doubts in the plaintiff's favor.[18] On appeal, Jean-Louis argues that CMS's significant contacts in New York subject it to specific jurisdiction under CPLR Sections 302(a)(1) and (a)(3). We disagree.

"To determine the existence of jurisdiction under [S]ection 302(a)(1), a court must decide (1) whether the defendant 'transacts any business' in New York and, if so, (2) whether this cause of action 'aris[es] from' such a business transaction."[19] While it is true that CMS transacts business in New York, this subsection clearly does not apply, as this cause of action does not arise from CMS's business transactions in New York. CMS provided a mortgage on a residence in Connecticut, and Jean-Louis makes no argument that this specific mortgage was in any way connected to New York.

Jean-Louis's arguments under Section 302(a)(3) fare no better. Section 302(a)(3) permits New York courts to exercise jurisdiction over tortious acts committed outside New York if certain requirements are satisfied, but the act must "caus[e] injury to person or property within the state."[20] As discussed by the District Court, New York does not become the situs of injury merely because the plaintiff is a domiciliary or resident of New York.[21]

---

evidence of the facts stated, though controvertible, like any other extrajudicial admission made by a party or his agent. If the agent made the admission without adequate information, that goes to its weight, not to its admissibility." *Kunglig Jarnvagsstyrelsen v. Dexter & Carpenter, Inc.*, 32 F.2d 195, 198 (2d Cir.) (internal citations omitted), *cert. denied*, 280 U.S. 579 (1929); *see also* 28 U.S.C. § 1446(c)(3)(A).

[16] *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999).

[17] *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001).

[18] *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001) (per curiam).

[19] *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007) (*quoting Deutsche Bank Sec., Inc. v. Mont. Bd. of Invs.*, 7 N.Y.3d 65, 71 (2006)).

[20] N.Y. C.P.L.R. § 302(a)(3).

[21] *McGowan v. Smith*, 52 N.Y.2d 268, 274–75 (1981).

Despite failing to cite CPLR Section 301 (or any statutory provision), Jean-Louis's briefs on appeal also argue that the district court erred by finding it lacked general jurisdiction over CMS. As CMS is not "at home" in New York, the district court did not possess general jurisdiction over it.[22]

## CONCLUSION

We have reviewed all of the arguments raised by Jean-Louis on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 5, 2020 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[22] *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).