24-1111-cv
*Oh v. HYS Livery Serv.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand twenty-five.

PRESENT:
> BARRINGTON D. PARKER,
> BETH ROBINSON,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

CHANG QEU OH, JOO YOUN OH,

    *Plaintiffs - Appellants,*

      v.                                      24-1111-CV

HYS LIVERY SERVICE, INC., JOSE R. TRUJILLO–MONTOYA,

    *Defendants - Appellees.*[*]

_____

_____

[*] The Clerk's office is directed to amend the caption as reflected above.

FOR APPELLANTS:                    APARNA PUJAR, Napoli Shkolnik, PLLC, New York, NY.

FOR APPELLEES:                     JAMES M. STRAUSS, Lewis Brisbois Bisgaard & Smith LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kovner, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 26, 2024, is **AFFIRMED**.

In August 2019, Defendant Jose Trujillo-Montoya, driving a black car owned by Defendant HYS Livery Service, Inc., rear-ended Plaintiff Chang Qeu Oh in New York City. Oh sued to recover for injuries allegedly caused by the accident—principally injuries causing pain in his back, neck, and shoulders. His wife joined, making a claim for loss of consortium. The district court granted summary judgment to Defendants on the ground that Oh failed to proffer any evidence establishing a causal link between the collision and the identified limitations in his range of motion that potentially reflect a "permanent consequential or significant-limitation injury." *Oh v. Trujillo-Montoya*, No. 21-cv-1042, 2024 WL 1282417, at *8–12 (E.D.N.Y. Mar. 25, 2024). Oh and his wife appeal. We assume the parties'

2

familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

We review orders granting summary judgment without deferring to the reasoning of the district court, and we consider "whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law."[1] *Yong Qin Luo v. Mikel*, 625 F.3d 772, 776 (2d Cir. 2010).

New York's No-Fault Insurance Law does not allow for personal injury suits arising from a car accident unless the plaintiff suffered a "serious injury" that was "caused by the accident." *Pommells v. Perez*, 4 N.Y.3d 566, 571 (2005); *see also* N.Y. Ins. Law §§ 5102, 5104. At summary judgment, New York law puts the initial burden on defendants to come forward with evidence that the plaintiff's purported injuries were *not* caused by the car accident—for instance, that the injuries are the result of a degenerative condition unrelated to the accident. *See Pommells*, 4 N.Y.3d at 579–80. Then, the burden shifts to plaintiffs to come forward with evidence to show a genuine dispute of fact that their injuries were "causally related to the accident." *Id.* at 579; *see also Yong Qin Luo*, 625 F.3d at 777 (describing

---

[1] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

New York's burden-shifting rules in the context of a Rule 56 motion in federal court).

Here, Defendants' medical expert reviewed the medical records, examined Oh, and opined that none of his four identified injuries were caused by the collision. He explained that the cervical MRI taken shortly after the accident did not support a finding of an acute cervical strain, and the EMG and nerve conduction studies were normal; the MRI report of a left-sided disc herniation at L4/5 and EMG report of a left-sided radiculopathy were inconsistent with Oh's deposition testimony describing *right*-leg symptoms; the post-accident exam of Oh's right shoulder was normal; and complaints of left shoulder pain did not appear in the medical records until over a year after the accident. The expert also pointed to the lack of a need for acute care following the accident and the description of the accident as providing further support for his conclusions. This testimony was enough to shift the burden back to Oh to show his injuries were caused by the collision.

Oh did not, in turn, present sufficient evidence to create a genuine dispute as to causation. His retained expert asserted without any explanation, and without even analyzing each injury individually, that "this rear end accident was the

4

component producing cause of his injuries, treatment, surgery and future surgeries." McMahon Decl. at 2, *Oh*, No. 21-cv-1042, ECF No. 38-4 (filed Jan. 17, 2023). One of his providers wrote in a medical record, again without explanation, "It is within a reasonable degree of medical probability that [Oh's] right shoulder pain is causally related to the motor vehicle accident that occurred on August 15, 2019." Bellapianta Medical Records at 3, *Oh*, No. 21-cv-1042, ECF No. 38-20 (filed Jan. 17, 2023). Neither of these bald assertions, unaccompanied by any rationale, is sufficient to create a genuine issue of fact. *See Montgomery v. Pena*, 19 A.D.3d 288, 290 (N.Y. App. Div. 1st Dep't 2005) (holding that a plaintiff's expert's opinion was "mere speculation" and "insufficient to defeat defendants' well-supported summary judgment motion" when the plaintiff's expert summarily concluded that plaintiff's injuries were the result of the subject car accident, without addressing alternative causes sufficiently documented and explained by defendants' experts).

The strongest evidence on the question of causation came from the orthopedic physician who saw Oh for lower-back pain and reviewed his MRI findings about two months after the accident. That provider opined that, because Oh did not have the complained-of symptoms before the accident, the lumbar spine injury was causally related to the accident. Kayal Records at 4, *Oh*, No. 21-

cv-1042, ECF No. 38-10 (filed Jan. 17, 2023).  This opinion is limited to the lumbar spine injury as presented in October 2019.  And in the face of the detailed analysis by Defendants' expert, it is by itself insufficient to sustain Oh's burden.

Because our conclusion as to causation is dispositive, we need not address Defendants' argument that there was no genuine dispute of fact as to whether Oh suffered a serious injury as defined under New York law.

* * *

Accordingly, the District Court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court