■ EMILIANO BEAUBRUN, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, et al., Defendant. [779 NYS2d 201]—

Order, Supreme Court, New York County (Robert Lippmann, J.), entered June 13, 2003, which granted the motion of defendant New York City Transit Authority and the cross motion of defendants Unimet Ambulette Corp. and Nathaniel Chisolm for summary judgment dismissing the complaint as against them, respectively, affirmed, without costs.

After defendants demonstrated their entitlement to summary judgment on the issue of serious injury, plaintiff, injured in a collision with defendant Transit Authority's bus while riding in defendant Unimet's vehicle, failed to meet his burden of producing evidence sufficient to raise a triable issue of fact as to whether his injuries met the "serious injury" criteria of Insurance Law § 5102 (d). Plaintiff's contention that he suffered a permanent serious injury or, alternatively, a nonpermanent injury or impairment, is undermined by an absence in the record of objective medical evidence supporting such injury. There are no affidavits from the physicians who treated him. His chiropractor's affidavit is defective as largely conclusory, tailored to the statutory criteria more so than objective medical evidence, and as indicating an unexplained 3½-year gap in treatment which, coincidentally, ended shortly after the underlying motion and cross motion were filed (see Ceruti v Abernathy, 285 AD2d 386 [2001]). To the extent that it purports to incorporate and rely on reports containing objective medical evidence, the affidavit fails to specify why any of plaintiff's few alleged continuing injuries are serious and permanent, i.e., how these injuries manifest in terms of specific, permanent, serious disabilities or limitations. The "whole impairment rating," which purportedly quantifies plaintiff's injuries, is similarly meaningless here inasmuch as it does not indicate the degree of impairment of the individual injured areas of plaintiff's spine (cf. DiLeo v Blumberg, 250 AD2d 364, 365 [1998] [whole body impairment rating was accompanied by "specific degree to which motion was limited" in "each of 12 range of motion tests"]).

Plaintiff provides no objective medical evidence specifically supporting his alleged Insurance Law § 5102 (d) 90/180 category serious injury. Neither the chiropractor's affidavit nor plaintiff's evidence generally states any prescribed limitations set by any medical provider on any, let alone "substantially all of the material acts which constitute [plaintiff's] usual and customary daily activities" during such period (Insurance Law § 5102 [d]). In fact, plaintiff's supplemental verified bill of particulars states that plaintiff was unable to work for only approximately two months after the accident. "Plaintiff's self-serving statements [in his affidavit] standing alone are insufficient to raise a triable issue of fact" on this issue (Nelson v Distant, 308 AD2d 338, 340 [2003] [citations omitted]). Concur—Williams, Friedman and Gonzalez, JJ.

Mazzarelli, J.P., dissents in a memorandum as follows: I would find that the record contains sufficient admissible evidence to withstand defendants' motions for summary judgment on the threshold issue of whether plaintiff suffered a serious injury,

under the Insurance Law § 5102 (d) category of a "medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment."

In opposition to defendants' motion and cross motion, plaintiff submitted an affidavit in which he stated that as a result of the underlying accident, he was unable to perform his duties as a driver's assistant with Metropolitan Ambulance for a period in excess of four months. Plaintiff's job required him to do significant bending and to lift heavy objects, including picking people up to place them in ambulances. Plaintiff also stated that he was unable to do "normal household chores" and participate in recreational activities, "substantially all of the material acts . . . which constituted [his] usual and customary daily activities" for the same four-month period. Although plaintiff asserted in his supplemental verified bill of particulars that he "was unable to work for approximately two (2) months following the accident and intermitt[e]ntly thereafter," a notarized letter from his sole employer, submitted in opposition to defendants' motion, establishes that plaintiff was, in fact, absent from work from October 14, 1998 until February 16, 1999, a period in excess of 90 days. Thus, this discrepancy cited by the majority does not defeat plaintiff's claim of "serious injury" as a matter of law. Rather, as is frequently done, it may instead form the basis of a motion to conform the pleadings to the proof pursuant to CPLR 3025 (c) (*see Reed v City of New York*, 304 AD2d 1 [2003], *lv denied* 100 NY2d 503 [2003]; *Rothstein v City Univ. of N.Y.*, 194 AD2d 533, 534 [1993]).

In opposition to defendants' motions, plaintiff also submitted the affidavit of Dr. Siegel, a chiropractor who treated him for approximately nine months subsequent to the accident. Dr. Siegel stated that as a result of his accident, plaintiff sustained "Acute traumatic cerebral concussion syndrome [and] Traumatic cervical, thoracic, lumbosacral paraspinal myofacscitis, with intersegmental dysarthria." In reports incorporated by reference into Dr. Siegel's affidavit, the chiropractor described various neurological and orthopedic tests which were performed to reach a conclusion, under the AMA Guide to the Evaluation of Permanent Impairment, that plaintiff has a 24% impairment rating of skeletal and muscular functions. The chiropractor also concluded that plaintiff's injuries "forced [him] to curtail all recreational and household activities and substantially all of the

material acts that constituted his normal activities for a period of four months following [his] accident [on October 14, 1998]."

Dr. Siegel's submissions, coupled with plaintiff's affidavit and his employer's letter, were sufficient to raise an issue of fact as to whether plaintiff suffered a nonpermanent, 90/180 category serious injury under Insurance Law § 5102 (d) (*Van Norden-Lipe v Hamilton*, 294 AD2d 749 [2002]; *Monk v Dupuis*, 287 AD2d 187 [2001]; *Stone v Hidle*, 266 AD2d 705, 706-707 [1999]; cf. *Nelson v Distant*, 308 AD2d 338, 340 [2003]).

Accordingly, I dissent. I would reverse the IAS court, deny defendants' motion and cross motion for summary judgment and reinstate the complaint.