■ CASSANDRA MONTGOMERY, Respondent, v MIGUEL PENA et al., Appellants. [798 NYS2d 17]—

Order, Supreme Court, Bronx County (Anne E. Targum, J.), entered June 27, 2003, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

In this personal injury action, plaintiff alleges that, in a motor vehicle accident on October 12, 2000, she suffered "serious injury," within the meaning of Insurance Law § 5102 (d), to her right shoulder, right knee, and back. In moving for summary judgment, however, defendants established a prima facie case that the subject accident did not cause plaintiff any serious injury. Among other things, defendants offered the affirmed reports of an orthopedist and a neurologist, who opined, after personally examining plaintiff on September 10, 2002, that plaintiff suffered from no orthopedic or neurological disability as of that date. In addition, defendants offered affirmed reports by a radiologist, opining that MRI scans of plaintiff's right knee and right shoulder, made within about two months of the subject accident, indicated that plaintiff suffered from preexisting degenerative conditions in both of these joints, but showed no evidence of any trauma-related injury. Similarly, a November 2000 radiologist's report in plaintiff's medical file stated that an x-ray of the right knee showed an early stage of osteoarthritis, but "no evidence of fracture or gross destructive lesion," and an x-ray of the right shoulder showed "no evidence of fracture." Defendants also submitted the transcript of plaintiff's deposition, at which she testified (1) that, due to a heart condition, she has been unable to work since 1992, (2) that she injured her right knee in a fall in 1991, and (3) that she injured her back in an automobile accident in June 2000, about four months before the subject accident.

In the face of defendants' evidence, plaintiff failed to come forward with the "objective proof" (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]) required to create a triable issue as to whether her alleged injuries, even if assumed to have met the serious injury threshold, were caused by the subject motor vehicle accident. The affirmed report of plaintiff's treating

physician (Dr. Marrone) fails to give any objective basis for concluding that plaintiff's alleged limitations result from the October 2000 accident, rather than from her 1991 right knee injury, her June 2000 back injury, or from the preexisting degenerative conditions of the right knee and the right shoulder that were identified by defendants' radiologist. Indeed, Dr. Marrone's report does not even mention the prior injuries or the preexisting conditions. In view of this omission, Dr. Marrone's conclusion that plaintiff's condition is causally related to the subject accident is mere speculation insufficient to defeat defendants' well-supported summary judgment motion (*see Pommells v Perez*, 4 NY3d 566, 574, 580 [2005] [affirming summary judgment dismissing the complaint where "plaintiff failed to address the effect of his kidney disorder on his claimed accident injuries," and, in another case, where, "with persuasive evidence that plaintiff's alleged pain and injuries were related to a pre-existing condition," plaintiff failed to carry his "burden to come forward with evidence addressing defendant's claimed lack of causation"]; *Franchini v Palmieri*, 1 NY3d 536, 537 [2003], *affg* 307 AD2d 1056 [2003]; *Shaw v Looking Glass Assoc., LP*, 8 AD3d 100, 103 [2004]; *Medley v Lopez*, 7 AD3d 470 [2004]; *Medina-Santiago v Nojovits*, 5 AD3d 253, 254 [2004]; *Shinn v Catanzaro*, 1 AD3d 195, 198 [2003]; *Lorthe v Adeyeye*, 306 AD2d 252, 253 [2003]).

Finally, to the extent plaintiff claims to have suffered a "serious injury" under the 90-day/180-day prong of Insurance Law § 5102 (d), the conclusory and medically uncorroborated assertions of her affidavit are insufficient to raise a triable issue (*see Beaubrun v New York City Tr. Auth.*, 9 AD3d 258, 259 [2004]; *Sherlock v Smith*, 273 AD2d 95 [2000]). Accordingly, defendants are entitled to summary judgment. Concur—Mazzarelli, J.P., Friedman, Williams and Gonzalez, JJ.