■ KENNETH CARTER, Respondent, v FULL SERVICE, INC., et al., Appellants. [815 NYS2d 41]—

Judgment, Supreme Court, Bronx County (Sallie Manzanet, J.), entered on or about February 6, 2004, awarding plaintiff, after a jury trial, damages for a left-knee injury allegedly incurred in a motor vehicle accident that occurred on September 10, 1999, unanimously reversed, on the law, without costs, and defendants' motion for a directed verdict granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiff was involved in a motor vehicle accident on September 2, 1999. After this accident, the 34-year-old plaintiff was found lying on the ground outside his car, which (as plaintiff testified in another action) was destroyed. Plaintiff was taken by ambulance to a hospital emergency room, where x rays were taken of his cervical spine, pelvis and knees. On September 9, 1999, plaintiff was examined by Dr. Elias Sedlin to determine the extent of the injuries he suffered in the September 2 accident. Dr. Sedlin's brief handwritten notation of the September 9 examination indicates that plaintiff complained of pain in his left knee at that time; specifically, plaintiff told Dr. Sedlin that he felt a "knot" in his left knee. Although Dr. Sedlin allegedly "couldn't find" the full, dictated version of his notes of the September 9 examination, Dr. Sedlin admitted that, based on the September 9 examination, he had diagnosed plaintiff as having sprained his left knee in the September 2 accident, and also as having osteoarthritis of the knee. Plaintiff, however, denied at trial that he experienced any pain in his left knee as a result of the September 2 accident.

On September 10, 1999, plaintiff was involved in a second motor vehicle accident—the one at issue in this action—while riding in the back seat of a livery cab owned by defendant Full Service, Inc. (FSI), and driven by defendant Jose Reyes. Plaintiff testified that he heard his left knee "pop" as his shoulder was thrown forward against the cab partition. Reyes, however, testified that plaintiff was holding his neck after the accident, but that he neither complained about his knee nor held it as if he felt pain there. The records of plaintiff's postaccident emergency room treatment on September 10 make no mention of any complaint regarding his knees.

Dr. Sedlin again examined plaintiff on September 13, 1999 to determine the injuries caused by the September 10 accident. Based on the September 13 examination, Dr. Sedlin wrote an office note of that date discussing plaintiff's complaints of neck and back pain, but making no mention of any complaint about the knee. A later version of the September 13 note, which Dr. Sedlin claimed to have prepared "[p]robably somewhere a month later or two months later," under circumstances he could not recall, was revised to include references to pain in plaintiff's left knee.

Plaintiff was subsequently diagnosed as having a torn anterior cruciate ligament (ACL) of the left knee, for which he underwent surgery in February 2000. That same month, plaintiff commenced this action against FSI and Reyes, seeking to recover for serious injury within the meaning of the No-Fault Law (In-

surance Law § 5102 [d]) that he allegedly suffered as the proximate result of the September 10 accident. As the case was presented to the jury, the sole injury at issue was the tear of the left-knee ACL. Dr. Sedlin, plaintiff's medical expert witness, testified that the September 10 accident was a substantial factor in causing that injury. Dr. Sedlin did not, however, provide any explanation of how he could distinguish the left-knee injury plaintiff allegedly presented after the September 10 accident from the knee injury caused by the September 2 accident that Dr. Sedlin admittedly had identified during the September 9 examination.

In order to recover damages for noneconomic loss related to a personal injury allegedly sustained in a motor vehicle accident, a plaintiff is required to present competent, nonconclusory expert evidence sufficient to support a finding, not only that the alleged injury is "serious" within the meaning of Insurance Law § 5102 (d), but also that the injury was proximately caused by the accident at issue (see *Pommells v Perez*, 4 NY3d 566, 574-575 [2005] [defendants were correctly granted summary judgment where the report of plaintiff's expert "left wholly unanswered the question whether the claimed symptoms . . . were caused by the accident" or, alternatively, by a preexisting medical condition]; *id.* at 579-580 [same]; *Agard v Bryant*, 24 AD3d 182 [2005] [same]; *Montgomery v Pena*, 19 AD3d 288, 289-290 [2005] [defendants were entitled to summary judgment where plaintiff's expert failed to give an "objective basis" for the conclusion that plaintiff's alleged limitations resulted from the accident sued upon, rather than from a prior fall, a prior car accident, or certain preexisting degenerative conditions]). As we stated in *Montgomery*, in the absence of an explanation of the basis for concluding that the injury was caused by the subject accident, and not by other possible causes evidenced in the record, an expert's "conclusion that plaintiff's condition is causally related to the subject accident is mere speculation" insufficient to support a finding that such a causal link exists (19 AD3d at 290).

In this case, plaintiff's own evidence established that his left-knee injury may well have been caused not by the September 10 accident involving the instant defendants, but by the September 2 accident that took place eight days before. Nonetheless, Dr. Sedlin, plaintiff's medical expert, failed to explain how he concluded that the injury was caused by the second accident rather than the first. Plaintiff's own self-serving and conclusory testimony that he did not injure his knee until September 10, in addition to being incredible in view of its contradiction by his

own expert and the emergency room records (which do not reflect any knee injury on September 10), was, in the absence of corroborating objective medical evidence, insufficient to raise a triable issue for submission to the jury (*see Montgomery*, 19 AD3d at 290; *Nelson v Distant*, 308 AD2d 338, 340 [2003]). In any event, defendants' medical expert, Dr. Harvey Levine, an orthopedic surgeon, testified that plaintiff's injury could not have been caused by the September 10 accident, since that accident (in which the cab in which plaintiff was riding rear-ended another car, without damage to either vehicle) did not generate sufficient force to cause such an injury—another point not addressed by plaintiff's evidence. Accordingly, plaintiff failed to sustain his burden of proving "a serious injury *causally related* to the accident" (*Pommells*, 4 NY3d at 579 [emphasis added]), and defendants were entitled to judgment as a matter of law. Concur—Mazzarelli, J.P., Friedman, Sullivan, Williams and Gonzalez, JJ.