Alexander RAMBARRAT, an infant under the age of 18 by his mother and legal guardian, Karen Rambarrat, and Karen Rambarrat, individually, Plaintiffs–Appellants,

v.

UNITED STATES of America, Defendant–Appellee.

No. 06–1805–cv.

United States Court of Appeals, Second Circuit.

July 5, 2007.

Andrew Bersin (Nader Sayegh, on the brief), Yonkers, NY, for Plaintiffs–Appellants.

Joseph A. Pantoja, Assistant United States Attorney, of counsel (Nicole Gueron, Assistant United States Attorney, of counsel, on the brief) for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Defendant.

Present: Hon. ROGER J. MINER, Hon. ROBERT A. KATZMANN, Circuit Judges, Hon. J. GARVAN MURTHA, District Judge.*

## SUMMARY ORDER

Plaintiffs-appellants sued the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80 (the "FTCA"), for a knee injury plaintiff Alexander Rambarrat allegedly sustained in September 2001 when he collided with a U.S. Postal Service truck while riding his bicycle. We assume the parties' familiarity with the facts, the proceedings below, and the specification of issues on appeal.

Under the FTCA, the federal government waives its sovereign immunity to suits stemming from the negligent acts of its employees in "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Because the accident oc-curred in New York, New York law applies. Under New York's no-fault law, a plaintiff can recover non-economic losses related to an injury sustained in a motor vehicle accident only if he can "present competent, nonconclusory expert evidence sufficient to support a finding, not only that the alleged injury is 'serious' within the meaning of Insurance Law § 5102(d), but also that the injury was proximately caused by the accident at issue." *Carter v. Full Serv., Inc.*, 29 A.D.3d 342, 815 N.Y.S.2d 41, 43 (2006). We need not decide whether the type of injury sustained by Rambarrat, a torn anterior cruciate ligament requiring future surgery, can be classified as "serious." Suffice it to say that, in this case, Rambarrat has not furnished adequate medical opinion demonstrating "objective findings of either a specific percentage of the loss of range of motion or a sufficient description of the qualitative nature of plaintiff's limitations based on the normal function, purpose and use of the body part." *Bent v. Jackson*, 15 A.D.3d 46, 788 N.Y.S.2d 56, 58 (2005) (quotation marks omitted). By virtue of this deficiency in the medical evidence submitted, Rambarrat has failed to raise a triable issue of material fact to support his claim that he suffers from a "significant limitation of use of a body function or system" or a "permanent consequential limitation of use of a body organ or member." N.Y. Ins. Law. § 5102(d); *see also Gaddy v. Eyler*, 79 N.Y.2d 955, 582 N.Y.S.2d 990, 591 N.E.2d 1176, 1177–78 (1992) (requiring more than "minor, mild or slight limitation of use" or the repetition of the word "permanent" in physician's affidavit (quotation marks omitted)). The United States therefore was entitled to summary judg-

---

* The Honorable J. Garvan Murtha, United States District Judge for the District of Vermont, sitting by designation.

ment on plaintiffs' FTCA claim.[1]

We have considered all of plaintiffs-appellants' other arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby

**AFFIRMED.**

---

1. Because we conclude that the plaintiffs have failed to establish that Rambarrat suffered from a "serious injury," we need not reach the defendant's alternative argument that the accident did not cause the plaintiff's injury.