21-2035-cv
*Smith v. Gray*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of May, two thousand twenty-two.

PRESENT:  JOSÉ A. CABRANES,
JOSEPH F. BIANCO,
EUNICE C. LEE,
*Circuit Judges.*

---

SHADEED T. SMITH

*Plaintiff-Appellant,*                                          21-2035-cv

v.

ALFONSO GRAY,

*Defendant-Appellee.**

---

**FOR PLAINTIFF-APPELLANT:**          Mitchell Dranow, Harmon, Linder, & Rogowsky, New York, NY.

**FOR DEFENDANT-APPELLEE:**          Andrew P. Keaveney, Landman Corsi Ballaine & Ford, P.C., New York, NY.

---

* The clerk of court is directed to amend the caption as set forth above. All claims against Dolen Trust were dismissed pursuant to a liability stipulation between the parties. *See* Record on Appeal ("ROA"), Doc. No. 15.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED.**

On September 12, 2017, a vehicle being operated by Alfonso Gray ("Defendant") struck a vehicle being operated by Shadeed T. Smith ("Plaintiff") in downtown Manhattan (the "2017 Accident"). In July 2018, Plaintiff sued Defendant in New York Supreme Court under New York's "No Fault Insurance Law." *See* N.Y. Ins. Law § 5104(a). In April 2019, Defendant removed the case to the United States District Court for the Eastern District of New York based on diversity jurisdiction. In his response to Defendant's Rule 56 statement, Plaintiff did not dispute that he had been involved in multiple vehicular accidents, including three prior to the 2017 Accident, and one subsequent to it. App'x 297. In August 2021, the District Court granted Defendant's motion for summary judgment, holding that Plaintiff had failed to raise a genuine issue of material fact as to whether the 2017 Accident proximately caused Plaintiff's injuries. Special App'x 14. Plaintiff appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## DISCUSSION

We review a district court's grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all permissible factual inferences in favor of the [non-movant]." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012). "A defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case." *Allen v. Cuomo*, 100 F.3d 253, 258 (2d Cir. 1996).

Under New York's "No Fault Insurance Law," a plaintiff cannot recover non-economic damages from a motor vehicle accident unless he sustains a "serious injury." N.Y. Ins. Law § 5104(a); *see Yong Qin Luo v. Mikel*, 625 F.3d 772, 776 (2d Cir. 2010). As is relevant to Plaintiff's appeal, a "serious injury" includes "a personal injury which results in . . . significant limitation of use of a body function or system." N.Y. Ins. Law § 5102(d). In addition, a Plaintiff "also must show that 'the injury was proximately caused by the accident at issue.'" *Evans v. United States*, 978 F. Supp. 2d 148, 164 (E.D.N.Y. 2013) (quoting *Carter v. Full Serv., Inc.*, 815 N.Y.S.2d 41, 43 (1st Dep't 2006)).

At the summary judgment stage, where the defendant offers "persuasive evidence that plaintiff's alleged pain and injuries were related to a preexisting condition, plaintiff ha[s] the burden to come forward with evidence addressing defendant's claimed lack of causation," and "[i]n the

absence of any such evidence, . . . defendant [i]s entitled to summary dismissal of the complaint." *Pommells v. Perez*, 4 N.Y.3d 566, 580 (2005).

The District Court held that Plaintiff raised a genuine issue of material fact as to whether pain and mobility issues in his back and left shoulder constituted a "serious injury." Special App'x 9. However, the District Court concluded that Plaintiff failed to raise a genuine issue of material fact as to whether the 2017 Accident proximately caused that serious injury. *Id.* at 14. We agree.

Defendant clearly made a *prima facie* showing that Plaintiff's serious injury was not caused by the 2017 Accident. Defendant's expert Dr. Gidumal examined MRIs performed on Plaintiff's shoulders in November and December 2017, and explained that there was "no evidence of a traumatically-induced condition from September 12, 2017." App'x 279. In particular, he noted that the injuries shown on the MRIs appeared to be of "long-standing duration" and that the MRIs were "consistent . . . with age-related degeneration or a long-standing previous accident i.e. his motor vehicle accident from 2015." *Id.* Similarly, Dr. Bender's report explained that the "MRIs of the cervical and lumbar spine show, considering the history, what are likely degenerative changes which could not have resulted from the [2017 Accident] as described." *Id.* at 273.

These reports constituted "persuasive evidence" that Plaintiff's injury was due to a preexisting condition and not the 2017 Accident. *Pommells*, 4 N.Y.3d at 580; *see Kerr v. Klinger*, 896 N.Y.S.2d 868, 868–69 (1st Dep't 2010) ("Defendant established her *prima facie* entitlement to summary judgment by submitting evidence . . . that the disc bulges and/or herniations revealed [on MRIs] were the result of degenerative disc disease and not caused by the automobile accident at issue.").

Thus, the burden shifted to Plaintiff to raise a genuine issue of fact as to causation. *Pommells*, 4 N.Y.3d at 580. Plaintiff failed to do so. Plaintiff's expert Dr. Goldman submitted a report stating that Plaintiff's "injuries to both his cervical and left shoulder were causally related to the accident of September 12, 2017." App'x 390. But such a conclusory statement by a medical expert is insufficient:

> [I]n the absence of an explanation of the basis for concluding that the injury was caused by the subject accident, and not by other possible causes evidenced in the record, an expert's conclusion that plaintiff's condition is causally related to the subject accident is mere speculation insufficient to support a finding that such a causal link exists.

*Carter*, 815 N.Y.S.2d at 43 (internal quotation marks omitted). In other words, Dr. Goldman's report made no effort to explain its causality conclusion or rebut the notion that Plaintiff's injuries were due to a preexisting condition. Affirmations submitted by Drs. Scilaris, Lattuga, and Kaplan all contained identical statements that "[Plaintiff's] injuries . . . [we]re causally related to his accident of

9/12/17 and not due to a pre-existing condition or degeneration," but these statements were similarly conclusory. *See* App'x 366, 369, 383.

Plaintiff's primary argument on appeal is that because Plaintiff's own expert, Dr. Farber, concluded that "there [wa]s a causal relationship between the accident and [Plaintiff's] diagnosis" of shoulder and back pain, *id.* at 263, "the burden never shifted to Plaintiff to raise a triable issue of fact regarding causation." Appellant's Br. 23. *See Maitre v. Empire Paratransit Corp.*, 139 N.Y.S.3d 876 (mem) (2d Dep't 2021). Plaintiff's reliance on Dr. Farber's report is wrong many times over, not least because Dr. Farber actually concluded that Plaintiff's range of motion in his shoulders and back was "normal" or close to normal and Plaintiff, in contradiction with undisputed fact, "denie[d] previous injuries" during Dr. Farber's examination. App'x 260–63. Moreover, Plaintiff's argument completely ignores the presence of reports from Drs. Gidumal and Bender, which were sufficient to establish Defendant's *prima facie* case against causation, as discussed.

## CONCLUSION

We have reviewed all of the arguments raised by Smith on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the August 16, 2021 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4