22-260-cv
*Flores v. Bergtraum*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand twenty-three.

PRESENT: PIERRE N. LEVAL,
DENNY CHIN,
ALISON J. NATHAN,
*Circuit Judges.*

---

MARGARITA FLORES,

     *Plaintiff-Appellant,*                     22-260-cv

     v.

MATTHEW L. BERGTRAUM,

     *Defendant-Appellee.*

---

| | |
|---|---|
| **For Plaintiff-Appellant:** | BRIAN J. ISAAC, Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY. |
| **For Defendant-Appellee:** | DOMINIC P. ZAFONTE, Law Office of Eric D. Feldman, East Northport, NY (Robert Varga, Law Office of Thomas K. Moore, White Plains, NY, *on the brief*). |

Appeal from a judgment of the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In November 2018, as Margarita Flores was crossing the street, she was hit by a Toyota Venza driven by Matthew Bergtraum. Flores sued Bergtraum in the Southern District of New York, seeking compensation for neck, back, and knee injuries she allegedly suffered as a result of the accident. The district court granted summary judgment in favor of Bergtraum, concluding that Flores could not recover under New York's No-Fault Insurance Law because her injuries were neither "serious" nor caused by the accident. We assume the parties' familiarity with the underlying facts, procedural history, and the issues on appeal.

"We review *de novo* a district court's grant of summary judgment . . . constru[ing] the facts in the light most favorable to the non-moving party and resolv[ing] all ambiguities and draw[ing] all reasonable inferences against the movant." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 167 (2d Cir. 2014) (internal citations and quotation marks omitted). A court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden is upon the moving party to demonstrate that no genuine issue respecting any material fact exists." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1223 (2d Cir. 1994). However, this burden "may be discharged by . . . pointing out . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Personal injury claims resulting from car accidents are governed by New York's No-Fault Insurance Law, N.Y. Ins. Law § 5101 et seq. The law is intended "to weed out frivolous claims and limit recovery to significant injuries" in order to help contain the cost of no-fault automobile insurance in New York. *Toure v. Avis Rent A Car Sys., Inc.*, 774 N.E.2d 1197, 1199 (N.Y. 2002).

2

Where, as here, liability for the accident is not at issue, to prevail in a personal injury claim under the No-Fault Law, "a plaintiff is required to present competent, non-conclusory expert evidence sufficient to support a finding" that (1) "the alleged injury is 'serious' within the meaning of Insurance Law § 5102(d)," and (2) "the injury was proximately caused by the accident at issue." *Carter v. Full Service, Inc.,* 815 N.Y.S.2d 41, 43 (App. Div. 2006). An injury is "serious" if it falls into one of nine enumerated categories. N.Y. Ins. Law § 5102(d). At issue in this case are three of those categories: (1) "a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment," commonly referred to as 90/180 day injuries; (2) a "permanent consequential limitation of use of a body organ or member"; and (3) a "significant limitation of use of a body function or system." *Id.* We refer to the latter two categories of injury as "long-term serious injuries." We agree with the district court that there is an absence of evidence showing that Flores suffered a 90/180 day injury or long-term serious injury as a result of the accident.

First, there is an absence of evidence supporting Flores's claim of a 90/180 day injury. Flores herself testified that she returned to work one day after the accident and was able to continue to complete some household tasks immediately following the accident. At most, the record reveals "slight curtailment" of Flores's daily routine in the first six months after the accident, which is insufficient to create a *prima facie* case of a 90/180 day injury as required to survive summary judgment. *See Licari v. Elliott*, 441 N.E.2d 1088, 1091 (N.Y. 1982).

Second, there is no material factual dispute as to whether Flores suffered a long-term serious injury as a result of the accident. Flores's claim as to her knee injury fails because she did

3

not submit any sworn physician affidavits relevant to her knee, as required to make a *prima facie* case under the No-Fault law. *See Yong Qin Luo v. Mikel*, 625 F.3d 772, 777 (2d Cir. 2010). As for Flores's claims relating to her back and neck, both parties submitted sworn expert reports finding that Flores had a diminished range of motion in her cervical and lumbar spine, which could show a significant limitation. However, the defense expert Dr. Jared Brandoff's sworn report concluded that these injuries were the result of a "mild to moderate degenerative disease" and that there was no evidence that Flores' injuries were traumatic in origin. App'x 395–96. Dr. Brandoff also opined that Flores was intentionally restricting her range of motion, noting that she had displayed greater mobility when she was unaware that she was being observed, that she displayed "'break-away' weakness" indicative of poor effort, and that it "would be supremely unlikely for her to have symmetrically diminished ranges on both sides of her spine, in both the cervical and lumbar regions, to more or less the same degree, this far out from her alleged accident." App'x 839. In contrast, Flores's expert, Dr. Andrew Cordiale, submitted a report which concluded in a single sentence that "it is my professional and medical opinion with a reasonable degree of medical certainty that [Flores's] injuries are traumatic in origin and causally related to the motor vehicle accident." App'x 497. We agree with the district court that this conclusory statement, which failed to provide any explanation for how Dr. Cordiale reached this conclusion based on the materials he reviewed, was insufficient to create a material factual dispute as to the cause of Flores's injury. *See Major League Baseball Properties, Inc. v. Salvino, Inc.*, 542 F.3d 290, 311 (2d Cir. 2008) (noting that an "expert's conclusory opinions" cannot carry a plaintiff's burden on summary judgment); *Smith v. Gray*, 2022 WL 1418973, at *2 (2d Cir. May 5, 2022) (summary order) (affirming grant of summary judgment where plaintiff's expert "report made no effort to explain its causality conclusion or rebut the notion that [the] injuries were due to a preexisting condition").

4

**CONCLUSION**

We have reviewed Flores's remaining arguments and find them to be without merit.  For

the foregoing reasons, we **AFFIRM** the judgment of the District Court.


                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk