IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JAMES J. LOWE and TONYA M. LOWE, husband and wife,<br><br>    Appellants,<br><br>    v.<br><br>ACE HARDWARE CORPORATION, a foreign corporation; and ZACHARY S. NIDEVER and JANE DOE NIDEVER, husband and wife,<br><br>    Respondents. | No. 86938-8-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

COBURN, J. — An Ace Hardware commercial vehicle in 2019 struck a vehicle driven by James Lowe with his wife, Tonya, as a passenger. Not quite three years later, the Lowes sued Ace Hardware and its commercial driver[1] (collectively "Ace Hardware") for negligence. The Lowes' claims were dismissed at summary judgment after Ace Hardware argued that the medical expert opinions the Lowes submitted in response to the summary judgment motion lacked adequate foundation and failed to address injuries the Lowes suffered before the accident. Because the trial court summarily dismissed the Lowes' entire case even though they submitted their own declarations asserting the accident caused injuries that do not require expert medical testimony, we reverse and remand.

---

[1] The Lowes also named the driver's unnamed wife as a defendant.

FACTS

On July 8, 2019, an employee driving an Ace Hardware vehicle collided with a vehicle driven by James[2] with Tonya as a passenger. On July 7, 2022, the Lowes sued the Ace Hardware driver for negligence in operating the vehicle that caused property damage to the Lowes' vehicle and injuries to them. The Lowes also sued Ace Hardware, claiming it was negligent in hiring, supervising, and/or training its driver, and, as a result, causing and/or contributing to the collision. The Lowes claimed the negligence caused them to incur medical expenses, loss of income, reduced earning capacity, a permanent disability, pain and suffering, and loss of consortium.

In March 2024 Ace Hardware moved for summary judgment, arguing that the Lowes provided no admissible evidence that any medical care they received was attributable to injuries sustained in the vehicle accident.[3] In support of its motion, Ace Hardware filed a declaration which included multiple exhibits, such as photographs of the Lowes' damaged vehicle at the scene of the accident and their medical records reflecting injuries reported before the accident.

In response, the Lowes filed declarations from both Tonya and James as to their injuries. James described being "struck" twice by a "van" which caused "whiplash events" resulting in "neck and back injury," and stated that he heard Tonya's "head hit the passenger side window at least once." Tonya described the contact as a "sideswipe" which caused her to hit her head "at least twice on the passenger side window" "causing

---

[2] We refer to the Lowes by their first name for clarity because they share a surname.

[3] Ace Hardware also maintained that the Lowes failed to present qualified medical opinions contending that any specific medical treatment was reasonable and necessary as a result of injuries sustained in the accident, or that any missed work was causally related to injuries from the accident.

a concussion" and stated that she has "been experiencing headaches ever since the accident." Tonya further stated that because of the accident and "whiplash action," she injured her neck and suffered from a stroke seven months later.

The Lowes' attorney also filed two declarations. The first attached physician responses on the attorney's form letter, signed under penalty of perjury. The second explained that two other doctors had refused to participate so the Lowes needed a continuance, under CR 56(f), to find a neurologist who could testify as to the cause of Tonya's stroke.

In its reply to summary judgment, Ace Hardware argued that the declarations submitted by the Lowes and their attorney were inadmissible hearsay under ER 802 because they included statements from various treating providers that had been told to the declarants. Ace Hardware also argued that the statements from the physicians were inadmissible under ER 611(c) as responses to leading questions on the attorney form letter. Finally, Ace Hardware averred that the form letter responses from the physicians did not meet the requirements under ER 702 because they were vague and ambiguous and had no usefulness.

Though Ace Hardware did not expressly cite ER 703, it did cite Safeco Ins. Co. v McGrath, 63 Wn. App. 170, 177, 817 P.2d 861 (1991), for the proposition that "Even if the affidavit opinion was phrased appropriately, it would be inadmissible. It is well established that conclusory or speculative expert opinions lacking an adequate foundation will not be admitted." (Boldface omitted.) Ace Hardware argued in their reply brief that the expert testimony the Lowes relied on lacked necessary foundation.

In its written order, the trial court sustained "Defendants' objections" to the

declarations of the Lowes and both declarations of their attorney, including attached declarations from two doctors. The court's order did not identify which objections it was sustaining. The court denied the Lowes' request for a continuance and granted Ace Hardware's motion for summary judgment and dismissed the Lowes' entire suit with prejudice.

The Lowes subsequently filed a motion for reconsideration. They separately supplemented the record with new declarations from the same two physicians who previously completed the Lowes' attorney form letters. In the motion, the Lowes reminded the court that "Expert testimony is required to establish causation when an injury involves obscure medical factors that would require an ordinary layperson to speculate or conjecture in making a finding." (Citing Bruns v. PACCAR, Inc., 77 Wn. App. 201, 890 P.3d 469 (1995).) The Lowes argued that it appeared the court improperly dismissed their entire case based on ER 611(c). Ace Hardware opposed the motion, arguing that the trial court did not dismiss the entire case based on ER 611(c) and that plaintiffs ignored the "myriad of other evidentiary deficiencies … including vague responses, compound inquiries, the lack of stated qualifications, and … conclusory statements without any foundation whatsoever." Ace Hardware also argued that the new declarations should not be considered because the Lowes do not explain how they could be considered newly discovered evidence. The court denied the motion for reconsideration.

The Lowes appeal.

4

DISCUSSION

The Lowes contend that the trial court erred when it granted Ace Hardware's summary judgment motion. We review summary judgments de novo, performing the same inquiry as the trial court. Jones v. Allstate Ins. Co., 146 Wn.2d 291, 300, 45 P.3d 1068 (2022). There are two ways a defendant can move for summary judgment. Guile v. Ballard Cmty. Hosp., 70 Wn. App. 18, 21, 851 P.2d 689 (1993). First, the defendant can assert their version of the facts and allege that there is no dispute of material fact. Hash v. Children's Orthopedic Hosp. & Med. Ctr., 110 Wn.2d 912, 916, 757 P.2d 507 (1988). Alternatively, the defendant can argue that the nonmoving party lacks sufficient evidence to support its case. Young v. Key Pharms., Inc., 112 Wn.2d 216, 225 n.1, 770 P.2d 182 (1989). When defendants choose the latter approach, they are not required to support specific facts because if a plaintiff fails to prove an essential element of their claim, all other facts are irrelevant. Id. at 225 (citing Celotex Corp v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). If the defendant sufficiently argues that the plaintiff lacks support for an element of their claim, the burden shifts to the plaintiff to establish the existence of an essential element on which they will bear the burden of proof at trial. Young, 112 Wn.2d at 225. If the plaintiff cannot meet this burden, the trial court should grant defendant's summary judgment motion. Id.

Summary judgment is proper only when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. CR 56(c). We consider all facts and reasonable inferences in the light most favorable to the nonmoving party. Mountain Park Homeowners Ass'n v. Tydings, 125 Wn.2d 337, 341, 883 P.2d 1383 (1994). A nonmoving party "may not rely on speculation, argumentative

assertions that unresolved factual issues remain, or on affidavits considered at face value." Meyer v. Univ. of Wash., 105 Wn.2d 847, 852, 719 P.2d 98 (1986); see also CR 56(e).[4] "[E]vidence submitted in opposition to summary judgment must be admissible." SentinelC3, Inc. v. Hunt, 181 Wn.2d 127, 141, 331 P.3d 40 (2014). Accordingly, "[u]nauthenticated or hearsay evidence does not suffice." Id. However, "[a]n appellate court would not be properly accomplishing its charge if the appellate court did not examine all the evidence presented to the trial court." Folsom v. Burger King, 135 Wn.2d 658, 663, 958 P.2d 301 (1998). Affidavits comprised of conclusory statements without sufficient factual support will not defeat a summary judgment motion. CR 56(e); Guile, 70 Wn. App. at 25.

"In an action for negligence a plaintiff must prove four basic elements: (1) the existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause." Ranger Ins. Co. v. Pierce County, 164 Wn.2d 545, 552, 192 P.3d 886 (2008). "Proximate cause is composed of both cause in fact and legal cause.[5] While the cause in fact inquiry focuses on a 'but for' connection, legal cause is grounded in policy determinations as to how far the consequences of a defendant's acts should extend." Meyers v. Ferndale Sch. Dist., 197 Wn.2d 281, 289, 481 P.3d 1084 (2021) (quoting Schooley v. Pinch's Deli Mkt., Inc., 134 Wn.2d 468, 478-79, 951 P.2d 749 (1998)). Ace

---

[4] CR 56(e) provides, in relevant part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of a pleading, but a response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

[5] A judge of this court has opined that cause in fact and legal causation are separate and distinct elements of a negligence claim rather than elements of proximate cause. Zorchenko v. City of Federal Way, 31 Wn. App. 2d 390, 401-04, 549 P.3d 743 (2024) (Feldman, J. concurring).

Hardware asserts that, as a matter of law, the Lowes cannot establish that the accident was a cause in fact of their injuries.

"A proximate cause is one that in natural and continuous sequence, unbroken by an independent cause, produces the injury complained of and without which the ultimate injury would not have occurred." Attwood v. Albertson's Food Ctrs., Inc., 92 Wn. App. 326, 330, 966 P.2d 351 (1998). There may be more than one proximate cause of an injury. Smith v. Acme Paving Co., 16 Wn. App. 389, 396, 558 P.2d 811 (1976). For proximate cause, circumstantial evidence is sufficient to show how an accident occurred; therefore, direct evidence or precise knowledge is not required. Conrad v. Alderwood Manor, 119 Wn. App. 275, 281, 78 P.3d 177 (2003). The question is whether a reasonable person could conclude that there is a greater probability than not that the conduct in question was the proximate cause of the plaintiff's injury. Hernandez v. W. Farmers Ass'n, 76 Wn.2d 422, 425-26, 456 P.2d 1020 (1969). Causation is usually a question for the jury but becomes a question of law when the causal connection is so speculative and indirect that reasonable minds could not differ. Little v. Countrywood Homes, Inc., 132 Wn. App. 777, 780, 133 P.3d 944 (2006); Moore v. Hagge, 158 Wn. App. 137, 148, 241 P.3d 787 (2010).

On appeal, the parties spend much effort debating the basis for the trial court's dismissal and the adequacy of the physician declarations. However, based on this record, we cannot determine which objections the trial court sustained, and, thus, what the court did and did not consider. Regardless, the trial court did not indicate it was striking the Lowes' declarations in their entirety. Yet, the trial court dismissed the Lowes' entire suit with prejudice. Though the Lowes' declarations did include some hearsay and

Tonya's declaration did describe some injuries that may require expert medical opinion, the Lowes' declarations also included claimed injuries that do not require expert medical opinion.

"The need for positive expert testimony to establish a causal link between the defendant's negligent act and the plaintiff's injury depends upon the nature of the injury." Riggins v. Bechtel Power Corp., 44 Wn. App. 244, 254, 722 P.3d 819 (1986). Accordingly, "when the results of an alleged act of negligence are within the experience and observation of an ordinary lay person, the trier of fact can draw a conclusion as to the causal link without resort to medical testimony." Id.; Bennett v. Dep't of Labor & Indus., 95 Wn.2d 531, 533-34, 627 P.2d 104 (1981) ("[A]n injured person can testify regarding the subjective aspects of an injury and to the limitations of his physical movements. The weight of such testimony is for the jury.").

The Lowes' declarations provided admissible evidence as to injuries that do not require a medical expert. James described being "struck" by a "van" which caused "whiplash events" resulting in "neck and back injury," and stated that he heard Tonya's "head hit the passenger side window at least once." Tonya described the accident as a "sideswipe" which caused her to hit her head "at least twice on the passenger side window" and stated that she has "been experiencing headaches ever since the accident." The Lowes' observations as to these injuries are within that of an ordinary lay person such that a trier of fact may properly determine whether there is a causal link between Ace Hardware's employee's actions and the Lowes' alleged injuries.

Even so, Ace Hardware also argues that summary judgment dismissal is warranted when a plaintiff's expert claims an accident caused an injury but fails to

evaluate or address the pre-existing nature of the injury. For support, Ace Hardware cites Montgomery v. Pena, 19 A.D.3d 288, 798 N.Y.S.2d 17 (N.Y. App. Div. 2005), where the New York appellate court reversed a denial of summary judgment for defendants in a personal injury action that resulted from a motor vehicle accident after the defendants established a prima facie case that the accident did not cause the plaintiff any serious injury. 19 A.D.3d at 289. The court noted that the treating physician's report did not even mention the plaintiff's prior injuries or the preexisting conditions. Id. at 290. Not only is Montgomery not binding authority, but it also is distinguishable for several reasons. The plaintiff in Montgomery alleged she suffered a "serious injury" as defined by local statute, which the court recognized was a threshold determination to the claim. Id. at 289. Defendants offered affirmed reports of an orthopedist and a neurologist who opined, after personally examining plaintiff about two years after the subject accident, that the plaintiff did not suffer from orthopedic or neurological disability as of that date. Id. Defendants also offered a radiologist's affirmed reports, opining that plaintiff's right knee and shoulder MRI scans, made within two months of the subject accident, indicated a preexisting degenerative condition, but showed no evidence of trauma-related injury. Id. It was in this context that the court concluded that the plaintiff's treating physician failed to give any objective basis for concluding that plaintiff's alleged limitations resulted from the subject accident. Id. at 289-90.

Unlike in Montgomery, in Washington there is no "serious injury" statutory threshold that must be met to support a personal injury action. Also, Ace Hardware did not offer medical expert testimony opining that the Lowes did not suffer injuries after the

accident or did not experience any trauma-related injuries after the accident. In fact, Ace Hardware makes no claim that it has established a prima facie case that the accident did not cause any injuries the Lowes allege.[6] Notably, Ace Hardware does not address whether the accident could be the proximate cause of the Lowes' injuries that do not require medical expert testimony. Certainly, if there was a genuine issue of material fact, that would defeat summary judgment. The record also suggests that Ace Hardware's admitted car accident photos support the Lowes' alleged property damage. Yet, the trial court summarily dismissed the Lowes' case with little explanation.

We conclude that the trial court erred in summarily granting Ace Hardware's summary judgment motion.

CONCLUSION

In a negligence action, medical testimony is not required to prove causation if the results of a negligent act are within the experience and observations of laypeople. Because the record supports that the Lowes' declarations presented evidence of a causal relationship between the accident and their claimed injuries that does not require medical testimony, the trial court erred in summarily dismissing the Lowes' entire case. We reverse and remand but note that the trial court is not barred from considering a new summary judgment motion related to claimed injuries that do require medical

---

[6] Ace Hardware also cites another New York appellate court case: Carter v. Full Serv. Inc., 29 A.D.3d 342, 343, 815 N.Y.S.2d 41 (N.Y. App. Div. 2006). However, that case was an appeal from a jury trial and did not involve an appeal of a summary judgment ruling. Id. at 342. It is inapposite.

expert testimony.[7]


WE CONCUR:

*Coburn, J.*

*Feldman, J.*

*Birk, J.*

---

[7] Because we reverse, we need not address the denial of the Lowes' request for a continuance nor their motion for reconsideration.